IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE S.E.I.U. LOCAL NO. 4 PENSION FUND, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| PARK HOUSE NURSING AND REHABILITATION CENTER, LLC., | ) ) ) |
| Defendant. | ) |

## COMPLAINT FOR WITHDRAWAL LIABILITY

Plaintiffs, the Trustees of the S.E.I.U. Local No. 4 Pension Fund ("Pension Fund"), by their Attorneys, Robert Greenberg and Alexander Isaac Rosenthal of Asher, Gittler & D'Alba, Ltd. complaining against Defendant, Park House Nursing and Rehabilitation Center, LLC, ("Employer") and state as follows:

### JURISDICTION AND VENUE

1. This is an action for the collection of withdrawal liability, interest, and penalties incurred by an employer as a result of a withdrawal from a multiemployer pension plan.

2. This action arises under the Employee Retirement Income Security Act of 1974 as amended by the Multiemployer Pension Plan Amendment Acts of 1980, 29 U.S.C. § 1001-1461 ("ERISA").

3. The Court has jurisdiction over this action pursuant to 29 U.S.C. § 1451(c).

4. Venue in this Court is proper pursuant to 29 U.S.C. § 1451(d).

## PARTIES

5. Plaintiffs are the Trustees of the S.E.I.U. Local No. 4 Pension Fund. The Fund is a multiemployer pension plan with in the meaning of 29 U.S.C. § § 1002(37) and 1301(a)(3).

6. The Board of Trustees of the Pension Fund is the Plan Sponsor and the Plan Administrator of the Pension Fund within the meaning of 29 U.S.C. § 1301(a)(10)(A). The Plan is administered from 2229 S. Halsted Street, Chicago, Illinois 60608.

7. The Trustees, as fiduciaries of the Pension Fund, are authorized to bring this action on behalf of the Pension Fund, its participants, and its beneficiaries for the purpose of collecting pension withdrawal liability.

8. The Employer was an Illinois Limited Liability Company whose principal office as registered with the State of Illinois was 2201 Main Street, Evanston, Illinois 60202.

## COUNT I

### COLLECTION OF DELINQUENT WITHDRAWAL LIABILITY

9. The Employer is an "employer" for purposes of the determination of withdrawal liability under Title IV of ERISA.

10. The Employer was subject to collective bargaining agreements, executed between itself and SEIU Healthcare of Illinois and Indiana (the "Union").

11. Pursuant to these collective bargaining agreements, the Employer was required to make contributions to the Pension Fund on behalf of its employees.

12. The Pension Fund has determined that the Employer ceased to have an obligation to contribute to the Pension Fund during the Plan Year ending December 31, 2017.

13. On October 24, 2018, the Pension Fund sent a Notice and Demand for the payment of partial withdrawal liability pursuant to 29 U.S.C. § 1399 to David Aronin, Agent. The Notice informed David Aronin of the amount of liability, schedule for payments, and demanded the first payment on sixty days from the date of the Demand.

14. Park House has not disputed the assessment of withdrawal liability, but proposed to pay $75,000.00 in settlement.

15. The Trustees of the Pension Fund rejected the settlement proposal.

16. Because the Employer is not a member of a control group with any other entity, pursuant to 29 U.S.C. § 1383, the Employer has effected a "complete withdrawal" from the Pension Plan and is responsible for its portion of withdrawal liability.

17. Pursuant to 29 U.S.C. § 1381(b), the Pension Fund calculated the amount of the Employer's withdrawal liability as $156,833.00, payable in either one lump sum or in thirty-one quarterly payments of $2,075.00.

18. On October 24, 2018, the Pension Fund sent a Notice and Demand for the payment of partial withdrawal liability pursuant to 29 U.S.C. § 1399 to the Employer. The Notice informed the Employer of the amount of liability, schedule for payments, and demanded the first payment on December 23, 2018, sixty days from the date of the Demand. See Exhibit A.

19. Pursuant to 29 U.S.C. § 1399(c)(2), withdrawal liability payments must be made in accordance with the schedule set forth by the plan sponsor notwithstanding any request for review or appeal.

20. Pursuant to 29 U.S.C. § 1399(c)(5), the Pension Fund requires, in the event of a default, immediate payment of the outstanding amount of an employer's withdrawal liability, plus accrued interest on the total outstanding liability.

21. Pursuant to 29 U.S.C. § 1399 (b)(2)(A), an employer has 90 days after receipt of the Notice and Demand to ask for a review of the calculation of withdrawal liability.

22. Pursuant to 29 U.S.C. § 1401(b), if an employer does not dispute the calculation of withdrawal liability and request arbitration to resolve the dispute, the amounts demanded by the plan sponsor are due and owing on the schedule set forth by the plan sponsor.

23. Additionally, on April 11, 2019, the Pension Fund informed the Employer that it was delinquent on payments and demanded that they cure the delinquency within 60 days or else be considered in default, as that term is used in 29 U.S.C. § 1399(c)(5). See Exhibit B.

24. No payments have been received by the Pension Fund after the demand for payment on April 11, 2019.

25. As a result of the failure of the Employer to make the required payments, the Employer is in default, as that term is defined in 29 U.S.C. § 1399(c)(5).

26. As a result of the default, the Trustees have accelerated the payment of the full amount of withdrawal liability and the Employer is now liable for the full amount of withdrawal liability assessed at $156,833.00, together with interest due calculated from the December 23, 2018 due date.

27. No further payment has been made by the Employer.

WHEREFORE, Plaintiffs request the following relief:

A. A judgment for the Plaintiffs and against Defendant, Park House Nursing and Rehabilitation Center, LLC, for the full amount of the accelerated withdrawal liability assessed of $156,833.00 together with interest calculated from December 23, 2018, offset by any payments made.

B. Pursuant to 29 U.S.C. § 1451(e), an award of all costs and expenses incurred in connection with the action including reasonable attorneys' fees.

C. Such further or different relief as the court deems just and proper to protect the assets of the Pension Fund.

/s/ Robert B. Greenberg
Asher, Gittler & D'Alba, Ltd.
200 W. Jackson Boulevard - Suite 720
Chicago, Illinois 60606
(312) 263-1500
Fax: (312) 263-1520
rbg@ulaw.com
IL ARDC#: 01047558


/s/ Alexander Isaac Rosenthal
Asher, Gittler & D'Alba, Ltd.
200 W. Jackson Boulevard - Suite 720
Chicago, Illinois 60606
(312) 263-1500
Fax: (312) 263-1520
AR@ulaw.com
IL ARDC#: 6310040


/s/ Sam Hensel
Asher, Gittler & D'Alba, Ltd.
200 W. Jackson Boulevard – Suite 720
Chicago, Illinois 60606
(312) 263-1500
Fax (312) 263-1520
sh@ulaw.com
IL ARDC#: 6332797